**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| HAZRAT NAUMAN AFZAL, | No. 09-72391 |
| Petitioner, | Agency No. A038-951-205 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted October 13, 2011
San Francisco, California

Before: B. FLETCHER, REINHARDT, and TASHIMA, Circuit Judges.

Hazrat Afzal, a native and citizen of Pakistan, petitions for review of a

Board of Immigration Appeals ("BIA") decision finding that he was convicted of a

particularly serious crime and was therefore ineligible for withholding of removal

under 8 U.S.C. § 1231(b)(3)(B)(ii), and denying deferral of removal under the

Convention Against Torture ("CAT"). We have jurisdiction to review legal or

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

constitutional claims, including whether the BIA "failed to consider the appropriate factors or relied on improper evidence in making the 'particularly serious crime' determination." *Anaya-Ortiz v. Holder*, 594 F.3d 673, 676 (9th Cir. 2010) (internal citations omitted); *see also* 8 U.S.C. § 1252(a)(2)(D). We have jurisdiction pursuant to 8 U.S.C. § 1252(a) to review the denial of CAT deferral, and we review for substantial evidence. *See Delgado v. Holder*, 648 F.3d 1095, 1108 (9th Cir. 2011) (en banc).

We have held that "in considering whether the BIA has applied the correct legal standard for determining whether a particularly serious crime has been committed, we must refer to the *Frentescu* factors as subsequently modified by the BIA." *Anaya-Ortiz*, 594 F.3d at 679. *In re Frentescu*, 18 I. & N. Dec. 244 (BIA 1982), "*requires* consideration of certain factors: 'the nature of the conviction, the circumstances and underlying facts of the conviction, the type of sentence imposed, and, most importantly, whether the type and circumstances of the crime indicate that the alien will be a danger to the community.'" *Delgado*, 648 F.3d at 1107 (quoting *Frentescu*, 18 I. & N. Dec. at 247) (emphasis added). A finding that an alien has committed a particularly serious crime will support the determination of danger to the community. *See id.*; *Anaya-Ortiz*, 594 F.3d at 679.

Here, the BIA considered only two of the *Frentescu* factors in determining that Afzal was convicted of a particularly serious crime. The BIA considered the nature of the conviction, noting that Afzal pleaded guilty to assault with a deadly weapon. The BIA also considered the circumstances and underlying facts of the conviction, finding that "[a]fter being honked at by another vehicle for swerving suddenly and cutting it off, [Afzal] brandished a stolen semiautomatic weapon and discharged it." The BIA noted that Afzal admitted to being under the influence of a controlled substance at the time of the incident. In its analysis, the BIA did not consider, or even mention, the type of sentence imposed as a result of the conviction before concluding that Afzal was convicted of a particularly serious crime and pretermitting his application for withholding of removal. *Frentescu* requires consideration of this factor, *see Delgado*, 648 F.3d at 1107, and thus the BIA erred by failing to consider the type of sentence imposed. Because the BIA failed to apply the correct legal standard, we grant the petition for review as to the withholding claim and remand to the BIA for proper consideration of all *Frentescu* factors in determining whether Afzal is statutorily ineligible for withholding of removal because he was convicted of a particularly serious crime.

We deny the petition for review as to the BIA's denial of CAT deferral. The record evidence, including the country conditions reports, does not compel a

3

finding that Afzal is more likely than not to be tortured if he is returned to Pakistan. Therefore, the BIA decision is supported by substantial evidence. *See Delgado*, 648 F.3d at 1108 (finding that the denial of CAT deferral "is supported by substantial evidence" because the "evidence does not compel the conclusion that [petitioner] will be tortured by the Salvadoran government").

The petition for review is **GRANTED** as to the withholding claim, and **REMANDED** to the BIA for application of the correct legal standard. The petition for review as to the denial of CAT deferral is **DENIED**.